LORAIN COUNTY BAR ASSOCIATION *v.* LANG.

[Cite as *Lorain Cty. Bar Assn. v. Lang,*
109 Ohio St.3d 48, 2006-Ohio-1830.]

(No. 2005–2033—Submitted January 11, 2006—Decided April 26, 2006.)

**Per Curiam.**

{¶ 1} Respondent, William P. Lang of Avon Lake, Ohio, Attorney Registration No. 0008774, was admitted to the practice of law in Ohio in 1979.

{¶ 2} On December 6, 2004, relator, Lorain County Bar Association, charged respondent with professional misconduct. Respondent was served with the complaint but did not answer, and relator filed a motion for default pursuant to Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline considered the cause and made findings of misconduct, which the board adopted, and a recommendation, which the board modified.

### Misconduct

{¶ 3} Respondent represented Jerry Stearnes during 2000, 2001, and 2002 in an intentional-tort action against Stearnes's former employer. Respondent filed a complaint in the Cuyahoga County Court of Common Pleas on February 25, 2000. On January 16, 2001, he dismissed the action without prejudice. Respondent refiled the action on July 2, 2001, but on June 7, 2002, the common pleas court dismissed the cause for failure to prosecute. Pursuant to Civ.R. 41(A)(1), the second dismissal operated as an adjudication on the merits and precluded Stearnes from pursuing the claim against his former employer.

{¶ 4} Stearnes filed a grievance with relator, alleging that respondent had neglected his case, failed repeatedly to communicate with him, and did not return his case file upon request. Stearnes reported that he had also sued respondent for malpractice. In investigating the grievance, relator asked respondent to provide a written reply to Stearnes's allegations. Respondent did not comply until seven months after the date his response was due, and he did not appear as requested to assist in relator's investigation.

{¶ 5} Eventually, however, respondent provided a detailed account of his representation in the Stearnes case, including how he had lost contact with his client and did not engage in discovery while the original complaint was pending. Respondent claimed that when he and his client came in contact again in January 2001, his client asked him to dismiss the case temporarily and that when respondent refiled it in July 2001, respondent's deteriorating mental health and other personal problems were seriously impeding his law practice. Respondent recounted having missed appointments and court dates due to his depression and related that when Stearnes did not provide the medical records he had asked for, respondent did nothing to stop the dismissal of Stearnes's case for lack of prosecution.

{¶ 6} Respondent also acknowledged the malpractice action filed against him. During the pendency of that action, respondent filed for bankruptcy, thereby preventing a final adjudication in the malpractice case. Stearnes's successor counsel is not optimistic that his client will ever recover the $18,500 in claimed damages.

{¶ 7} On this evidence, the board granted the motion for default and found respondent in violation of DR 6–101(A)(3) (prohibiting a lawyer from neglecting a legal matter) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in disciplinary proceedings).

## Recommendation

{¶ 8} In recommending a sanction for this misconduct, the board weighed the mitigating and aggravating factors in respondent's case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 9} In mitigation, the board found that respondent had no prior record of discipline. BCGD Proc.Reg. 10(B)(2)(a). The board also noted respondent's claimed mental illness, for which he has apparently been receiving professional medical treatment since 2001, and that he has more recently entered into a recovery contract with the Ohio Lawyers Assistance Program.

{¶ 10} In aggravation, the board found that the serious consequences of respondent's neglect were exacerbated by his lack of prompt and complete cooperation in the disciplinary process. BCGD Proc.Reg. 10(B)(1)(e). The board also found troubling that respondent had no malpractice insurance, did not advise his client of this fact (see DR 1–104), and filed bankruptcy in part to avoid liability for his neglect.

{¶ 11} Relator recommended a one-year suspension of respondent's license to practice law but suggested that a stay of the sanction might be appropriate if respondent were to submit medical evidence showing that he is professionally and

ethically competent and were to purchase professional liability insurance in accordance with DR 1–104. The master commissioner recommended an actual suspension of one year. The board recommended that respondent be suspended from the practice of law for one year, with the last six months stayed, and that he be required to submit the results of a mental health examination demonstrating his current professional and ethical competence in addition to complying with the other reinstatement conditions in Gov.Bar R. V(10).

## Review

{¶ 12} We agree that respondent violated DR 6–101(A)(3) and Gov.Bar R. V(4)(G). We also agree that a one-year suspension, with the last six months conditionally stayed, is appropriate.

{¶ 13} Respondent is therefore suspended from the practice of law in Ohio for one year; however, the last six months of the suspension are stayed on the condition that respondent commit no further misconduct during the suspension period. If respondent violates this condition, the stay will be lifted, and respondent will serve the entire one-year suspension. Moreover, upon any application for reinstatement that he files pursuant to Gov.Bar R. V(10), respondent shall provide an opinion from a mental health professional that he is competent to practice law in accordance with professional and ethical standards.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

O'DONNELL, J., not participating.

———————

D. Chris Cook, for relator.